## E. J. HART & Co. *v.* F. A. GOTTWALD—JACOB ZOELLY, Garnishee, appellant.

Where the wife of an absconding debtor gives property in payment of a debt due by her husband, the law presumes that the property so given belongs to the community, and the act of the wife in giv ing the property in payment is a nullity, and the property attempted thus to be alienated by her is liable to attachment by the creditors of her husband.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.
H. J. *Leovy,* for plaintiffs.  R. H. *Marr,* for defendant.  M. M. *Reynolds,* for garnishee and appellant.

BUCHANAN, J.  Plaintiffs commenced suit by attachment against defendant, an absconding debtor.

HART
v.
GOTTWALD.

In answer to interrogatories propounded to *Zoelly*, as garnishee, the latter declared that he had received, on account of a debt due him by defendant, before any attachment was served on him, a mule, for which defendant has been credited with two hundred dollars, also, one hundred second hand empty casks, for which defendant has been credited with two hundred dollars. He denied the possession of any property of defendant.

Plaintiff traversed these answers. The evidence shows that the giving in payment of the mule and casks was subsequent to defendant's flight, and that the said giving was the act, not of defendant, but of defendant's wife. The law presumes that the property so given in payment, belonged to the matrimonial community.

The husband is the head of the community, and has, by law, the right to administer the common property; and the wife has not the right to alienate such property, even for a common debt. The act of the wife of defendant, in giving the mule and barrels to garnishee, was, therefore, a nullity; and the property thus attempted to be alienated, was liable to plaintiff's attachment.

Judgment affirmed, with costs.